IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **SEBASTIAN LUCAS, on behalf of himself and all others similarly situated,** | Case No. _____ |
| **Plaintiff,** | |
| -against- | |
| **JJ'S OF MACOMB, INC,** | **COLLECTIVE ACTION COMPLAINT** |
| **Defendant.** | |

Plaintiff SEBASTIAN LUCAS, individually and on behalf of all others similarly situated, by his attorneys, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiff and other current and former Assistant Managers or Assistant Store Managers (collectively, "ASMs"), who worked more than 40 hours in any workweek at any Jimmy John's store owned by Franchisee, as defined herein, in the United States between December 20, 2013, and the date of judgment in this matter, who elect to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA.

## THE PARTIES

2. Plaintiff Sebastian Lucas ("Plaintiff") is a resident of Burlington, Iowa.

3. Defendant JJ's of Macomb, Inc. ("Defendant"), is an Illinois corporation whose registered office is located at 827 Country Club Drive, Quincy, Illinois 62301.

4. Defendant owns and operates six or more Jimmy John's franchised locations under one or more franchise agreements with Jimmy John's Franchise, LLC.

1

5.  Plaintiff worked for Defendant as an ASM from approximately July 2013 through April 2016, at the Burlington, Iowa store owned by Defendant.

6.  Plaintiff is a covered employee under the FLSA.

7.  Defendant was Plaintiff's employer under the FLSA.

## JURISDICTION & VENUE

8.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9.  Venue is proper in the Central District of Illinois because Defendant conducts business in this district and a substantial part of the events giving rise to the claims occurred in this district.

10. Defendant is subject to personal jurisdiction in this district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as ASMs at any time from three years from December 20, 2013, to the entry of judgment in this case (the "Collective Action Period") (collectively, the "Collective Action Members").

12. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other ASMs.

13. There are other current and former ASMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

14.     The similarly situated employees are known to Defendant, are readily-identifiable and can be located through Defendant's records.

## STATEMENT OF FACTS

15.     Defendant employed Plaintiff and the Collective Action Members as ASMs.

16.     Defendant maintained control, oversight, and discretion over the operation of all of its restaurants, including its employment practices with respect to the ASMs.

17.     Plaintiff's and the ASMs' work was performed in the normal course of Defendant's business.

18.     Consistent with the Defendant's policy, pattern and/or practice, Plaintiff and ASMs regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA. Plaintiff worked an average of 52-54 hours per workweek. Plaintiff sometimes worked 54-60 hours per workweek.

19.     All of the work that the ASMs performed was assigned by Defendant, and/or Defendant was aware of all of the work that they have performed.

20.     The work that ASMs performed as part of their primary duty required little skill and no capital investment.

21.     The work that ASMs performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

22.     Regardless of the store at which they worked, ASMs' primary job duties included:

   a.   preparing food;
   b.   helping customers;
   c.   bussing tables;
   d.   cleaning the restaurant;
   e.   checking to make sure that supplies were properly shelved; and
   f.   checking inventory.

23. Regardless of the store at which they worked, ASMs' primary job duties did not include:

    a. hiring;
    b. firing;
    c. disciplining other employees;
    d. scheduling;
    e. supervising and delegating; or
    f. exercising meaningful independent judgment and discretion.

24. ASMs' primary duties were manual in nature. The performance of manual labor duties occupied the majority of their working hours.

25. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant has classified all ASMs as exempt from coverage of the overtime provisions of the FLSA.

26. Upon information and belief, Defendant did not perform a person-by-person analysis of the ASMs' job duties when making the decision to classify them (and other similarly-situated current and former employees holding comparable positions but different titles) as exempt from the overtime provisions of the FLSA.

27. Defendant's unlawful conduct was willful and/or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA. Defendant knew that ASMs were not performing activities that complied with any FLSA exemption and, inasmuch as Defendant's close affiliation with substantial corporate entities make it aware of its obligations under the FLSA, it acted willfully or recklessly in failing to classify Plaintiff and other ASMs as non-exempt employees.

28. Defendant was aware or should have been aware, through its management-level employees, that ASMs were primarily performing non-exempt duties. Defendant knew or

recklessly disregarded the fact that the FLSA required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

29. Accordingly, Defendant's unlawful conduct was willful and/or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

30. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to ASMs. This policy and pattern or practice includes but it is not limited to:

   a. willfully misclassifying Plaintiff and the Collective Action Members as exempt from the requirements of the FLSA;
   b. willfully failing to pay Plaintiff and the Collective Action Members overtime wages for hours that they worked in excess of 40 hours per week; and
   c. willfully failing to provide enough money in its restaurant-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt ASMs to perform such non-exempt tasks.

31. Defendant's willful violations of the FLSA are further demonstrated by the fact that during the course of the Collective Action Period and continuing to the present, Defendant failed to maintain accurate and sufficient time records for Plaintiff and the Collective Action Members. Defendant acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not allow Plaintiff and the Collective Action Members to record all hours worked.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Unpaid Overtime Wages**
**On Behalf of Plaintiff SEBASTIAN LUCAS and the Collective Action Members**

32. At all relevant times, Defendant has been, and continues to be, an employer

5

engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, Defendant employed Plaintiff, and employed or continue to employ each of the Collective Action Members, within the meaning of the FLSA.

34. Defendant has engaged in a pattern and practice of violating the FLSA, as detailed in the Collective Action Complaint.

35. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). See Sebastian Lucas's Consent attached as Exhibit A.

36. The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendant.

37. At all relevant times and continuing to the present time, Defendant has a policy and practice of refusing to pay overtime compensation to its ASMs and similarly-situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

38. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. As a result of Defendant's willful failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of

the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

40. As a result of Defendant's policy and practice of minimizing labor costs by underfunding the labor budgets for its restaurants, Defendant knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

41. Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, Defendant's actual knowledge through its managerial employees/agents that the primary duties of the Plaintiff and the Collective Action Members was manual labor and included other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties and Defendant's instituting a policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

42. As a result of Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled (a) to recover from Defendant unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

43. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

**PRAYER FOR RELIEF**

Therefore, Plaintiff seeks the following relief on behalf of himself and all others similarly-situated:

A. Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA, using the following methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

C. Equitable tolling of the FLSA statute of limitations as a result of Defendant's failure to post requisite notices under the FLSA;

D. An injunction requiring Defendant to cease its unlawful practices;

E. An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

F. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

G. An award of prejudgment and post-judgment interest;

H. An award of costs and expenses of this action together with reasonable attorney's fees and expert fees and an award of a service payment to the Plaintiff; and

I. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 20, 2016

Respectfully submitted,

/s/Douglas M. Werman
**WERMAN SALAS P.C.**
Douglas M. Werman
77 West Washington Street
Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008
Facsimile: (312) 419-1025

**LANDSKRONER GRIECO MERRIMAN LLC**
Drew Legando (to seek *pro hac vice* admission)
Jack Landskroner (to seek *pro hac vice* admission)
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
Telephone: (216) 522-9000
Facsimile: (216) 522-9007

**KLAFTER OLSEN & LESSER LLP**
Seth R. Lesser (to seek *pro hac vice* admission)
Fran L. Rudich (to seek *pro hac vice* admission)
Jason Conway (to seek *pro hac vice* admission)
Christopher M. Timmel (to seek *pro hac vice* admission)
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220

*Attorneys for Plaintiff and the Putative Collective*