## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SEBASTIAN LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-3328 |
| | ) | |
| JJ'S OF MACOMB, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiff Sebastian Lucas's Motion for Equitable Tolling of the Statute of Limitations (d/e 12). For the reasons stated below, the Court GRANTS the motion.

## I. BACKGROUND

Plaintiff filed his Complaint (d/e 1) on December 20, 2016 and his Amended Complaint (d/e 26) on May 30, 2018. Plaintiff brings claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Plaintiff alleges that Defendant JJ's of Macomb, Inc., a Jimmy John's franchisee, misclassified him and other assistant managers as exempt from the FLSA's overtime provisions. Plaintiff

intends to file a motion to certify a collective action under § 216(b) of the FLSA and to obtain court authorization to notify all similarly situated current and former assistant managers of Defendant of the opportunity to join this case.  <u>See</u> Motion at 2.

In July 2014, over two years before Plaintiff brought this action, another assistant manager employed at a different franchisee than Defendant brought an FLSA collective action in the Northern District of Illinois.  That plaintiff sued her franchisee and the Jimmy John's corporate franchisor for unpaid overtime wages. The Court certified the collective action, and 660 plaintiffs opted-in, including Mr. Lucas.  Mr. Lucas [hereinafter Plaintiff] then brought this action against Defendant, who was his franchisee employer. Defendant is different from the franchisee defendant in the Northern District—the Northern District did not have personal jurisdiction over Defendant.  Over a dozen Northern District opt-in plaintiffs have filed similar suits across the country.  <u>See e.g.</u>, <u>Ruder v. CWL Invs. LLC</u>, No. 16-cv-4460, 2017 WL 3834783 (D. Ariz.); <u>Coyne v. Four Leaf Clover Invs. LLC</u>, No. 16-cv-1937 (E.D. Mo.); <u>Beck v. Savory Sandwiches, Inc.</u>, 265 F. Supp. 3d 1209, No. 17-cv-1009 (D. Col. 2017).  Plaintiff brings the same claims against

Defendant as those alleged in the Northern District against the corporate franchisor.

On March 9, 2017, the Northern District enjoined Plaintiff and the other collective action members who had brought similar cases from pursuing the proceedings in this and the other District Courts. See In re Jimmy John's Overtime Litigation, No. 14-cv-5509 (N.D. Ill.). On April 3, 2017, pursuant to a joint motion by both parties, and in light of the injunction, this Court stayed the proceedings in this matter pending further order of the Northern District. On December 14, 2017, the Seventh Circuit reversed the Northern District's injunction against the proceedings in other courts against other franchisees. See In re Jimmy John's Overtime Litigation, 877 F.3d 756 (7th Cir. 2017). On February 28, 2018, this Court lifted the stay on these proceedings pursuant to Plaintiff's motion.

On April 6, 2017, three days after this Court stayed this case, Plaintiff filed a Motion for Equitable Tolling of the Statute of Limitations (d/e 12) asking the Court to toll the statute of limitations from March 9, 2017, the date on which the Northern District issued the injunction, to December 14, 2017, when the Seventh Circuit reversed the injunction. On September 20, 2017,

Plaintiff supplemented his motion with an order in <u>Beck v. Savory</u> <u>Sandwiches, Inc.</u>, a case similar to this one in which the Court tolled the statute of limitations on the plaintiff's claims with respect to the defendant's (another Jimmy Johns franchise operator) current and former employees who were eligible to opt-in to that case.  (d/e 15-1).

## II. LEGAL BACKGROUND

Under the FLSA, employees may bring a collective action against an employer to recover unpaid overtime compensation on behalf of themselves and on behalf of other similarly situated employees.  29 U.S.C. § 216(b).  Unlike class actions under Federal Rule of Civil Procedure 23(b), where potential plaintiffs are included in the class unless they opt out, potential plaintiffs in FLSA collective actions must affirmatively opt in to the suit.  <u>Alvarez v.</u> <u>City of Chi.</u>, 605 F.3d 445, 448 (7th Cir. 2010).

Moreover, under the FLSA, the statute of limitations continues to run for each potential plaintiff until he or she opts in to the lawsuit.  The FLSA requires that an action "be commenced within two years after the cause of action accrued," unless the violation was willful, in which case a three-year statute of limitations applies.

29 U.S.C. § 255(a). An FLSA lawsuit commences as to an individual claimant on: (1) the date the complaint was filed if the claimant is specifically named as a party in the complaint and he files his written consent to become a party plaintiff on such date; or (2) the date on which written consent is filed. 29 U.S.C. § 256. Therefore, the filing of the lawsuit does not toll the statute of limitations for potential class members until they file their own consents.

The statute of limitations in FLSA suits is not jurisdictional and equitable tolling can be applied. Bergman v. Kindred Healthcare, Inc., 949 F. Supp. 2d 852, 860 (N.D. Ill. 2013). Equitable tolling is warranted if the litigant establishes (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented timely filing. Knauf Insulation, Inc. v. Southern Brands, Inc., 820 F.3d 904, 908 (7th Cir. 2016).

### III. ANALYSIS

Plaintiff argues that the Court should equitably toll the statute of limitations for the nine–month period that the injunction was in place to avoid the possibility that putative plaintiffs will lose the potential benefits of the lawsuit.

**A.  Plaintiff diligently pursued this action and extraordinary circumstances exist.**

For equitable tolling to apply, the plaintiff must show: 1) that he pursued his rights diligently and 2) that extraordinary circumstances prevented a would-be party's timely filing.  <u>Knauf Insulation, Inc.</u>, 820 F.3d at 908.  Courts grant equitable tolling sparingly.  <u>Bensman v. U.S. Forest Serv.</u>, 408 F.3d 945, 964 (7th Cir. 2005).

Plaintiff has diligently prosecuted this case.  Plaintiff filed his Motion to Toll the Statute of Limitations three days after this Court stayed these proceedings.  Before filing his motion, Plaintiff obtained a modification to the injunction by the Northern District allowing him to file the motion.  This action commenced when Plaintiff filed suit after opting into the collective action in the Northern District to preserve the claims against this franchisee.

This case also involves extraordinary circumstances. Litigation in the Northern District resulted in an injunction of the proceedings in this Court.  <u>See</u> <u>In re Jimmy John's Overtime Litigation</u>, No. 14-cv-5509 (N.D. Ill.).  Such an injunction is "particularly rare."  <u>See</u> <u>In re Jimmy John's Overtime Litigation</u>, 877

F.3d at 762. In response, this Court stayed these proceedings, pending further action by the Northern District. These circumstances are substantially more extraordinary than the delay caused by the Court's consideration of a motion for conditional certification, which some courts have even found to constitute extraordinary circumstances. See e.g., Bergman, 949 F. Supp. 2d at 861 (24-month delay in ruling on pending motion for conditional certification was extraordinary circumstance justifying equitable tolling); but see Sylvester v. Wintrust Financial Corp., No. 12 C 01899, 2014 WL 10416989, at *2 (N.D. Ill. Sept. 26, 2014) (refusing to toll statute of limitations while motion for conditional certification was pending because "there is nothing extraordinary about a motion for conditional certification and the delay in notice while that motion is pending . . . . [t]o hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one.") (internal quotations omitted). Other courts have allowed equitable tolling of FLSA claims where the case's litigation posture has delayed the plaintiff's

filing of a motion for conditional certification or the court's consideration of such a motion—such as a stay entered like the one entered here. <u>See e.g.</u>, <u>Adams v. Tyson Foods, Inc.</u>, No. 07-CV-4019, 2007 WL 1539325, at *2 (W.D. Ark. May 25, 2007) (tolling the statute of limitations during stay entered pending a decision by another court whether to transfer case into MDL).

Some courts have noted that the court cannot assess the diligence of a plaintiff who has not opted in. <u>See</u> <u>Davis v. Vanguard Home Care, LLC</u>, No. 16-CV-7277, 2016 WL 7049069, at *1 (N.D. Ill. Dec. 5, 2016) (but also noting that the "court need not go as far as holding that equitable tolling claims on a class-wide basis are always unripe before a plaintiff opts in but it does find that Plaintiffs' request for equitable tolling is unripe given the posture of this case"). However, the extraordinary circumstances of this case are the very reason the Court cannot assess the diligence of the putative plaintiffs. These circumstances have precluded their notice of the action.

Courts have considered several factors when determining whether to toll the statute of limitations despite preclusion of assessment of the diligence of the putative plaintiffs: 1) whether the

extraordinary circumstances were beyond the control of the plaintiff or the putative plaintiffs; 2) whether refusal to toll the statute of limitations would result in hardship for the putative plaintiffs; and 3) whether tolling prejudices the defendant.  Struck v. PNC Bank N.A., 931 F. Supp. 2d 842, 846 (S.D. Ohio 2013) (citing Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 437 (6th Cir. 2007)).

*i. The extraordinary circumstances are beyond the control of Plaintiff and the putative plaintiffs.*

The extraordinary circumstances of this case are well-beyond the control of Plaintiff or the potential class members.  For tolling to apply, the circumstances causing the delay and the putative plaintiff's ignorance must be an "external obstacle . . . that stood in his way."  Menominee Indian Tribe of Wisconsin v. United States, 136 S.Ct. 750, 756 (2016) (internal quotations omitted).  Here, the putative plaintiffs did not receive notice due to the "external obstacle" of the injunction.  Indeed, the injunction even sought to remove this Court's control over its own proceedings.  The stay was not the cause of the delay.  See Miller-Basinger v. Magnolia Health Systems, Inc., No. 2:15-cv-089, 2016 WL 773191, at *2 n.2 (S.D. Ind. Feb. 22, 2016) (refusing to toll statute of limitations and noting

that plaintiff did not seem to be concerned about potential prejudice to putative plaintiffs when she sought to stay the court's ruling on her motion to certify the collective action). The cause of the delay was well-beyond the control of the parties.

*ii. Refusal to toll the statute of limitations would result in hardship to the putative plaintiffs.*

A denial of Plaintiff's request to toll the statute of limitations would result in hardship to putative plaintiffs who would lose their time to bring their claim as part of this litigation due to the delay. This lost time works to deprive the putative plaintiffs of their claim. See Partlow v. Jewish Orphans' Home of Southern Cal., Inc., 645 F.2d 757, (9th Cir. 1981) (equitable tolling proper where plaintiffs were without fault and "practical effect of not tolling the statute would be to bar forever any claim" the employees had against defendants), abrogated on other grounds by Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165 (1989). Just as the inherent benefits of the collective action "will disappear" if plaintiffs are not notified of the suit before their statute of limitations expires, Hoffman-LaRoche, 493 U.S. at 170, putative plaintiffs will have lost the time during the stay that could have been used to notify potential class

members of the action. The nine-month stay constitutes 25 percent of the three-year statute of limitations for willful FLSA violations alleged in the Complaint or 37.5 percent of the two-year statute of limitations. See Amend. Compl. ¶ 52. The delay constitutes a substantial portion of the putative plaintiff's time to bring their claims.

Defendant argues that putative plaintiffs could have joined this action or brought their own suit during the stay, and, therefore, any extraordinary circumstances that may exist did not prevent the potential opt-ins from joining the suit or otherwise pursuing their rights. See Sylvester, 2014 WL 10416989, at *3 ("[N]othing prevented any former employee of the defendants from either filing their own law suit or filing an opt-in notice for this law suit before a ruling on the conditional certification motion was issued."); Perez v. Comcast, No. 10 C 1127, 2011 WL 5979769, at *4 (N.D. Ill. Nov. 29, 2011) (refusing to toll the statute of limitations because putative plaintiffs were not precluded from joining case during stay pending approval of settlement in similar case and resolution of pending motion to dismiss). While it is possible that a putative plaintiff may know of his claim and join the suit or bring

one of his own without notice, that possibility does not mean that putative plaintiffs' rights are not affected by delay. Defendant's argument "ignores the realities of FLSA claims" and "would go against ever applying equitable tolling to a potential opt-in." Bergman, 949 F. Supp. 2d at 861. Further, where, as here, the putative plaintiffs have not received notice of the action because the Court has not conditionally certified a class due to the stay, their ignorance is a reasonable result of the unique procedural posture of this case. To deprive the putative plaintiffs of the time to bring their claim during which they were reasonably ignorant of the action is to deprive them of their right of action. Stickle v. SCIWestern Market Support Center, L.P., No. CV 08-083, 2008 WL 4446539, at *22-23 (D. Ariz. Sept. 30, 2008).

     *iii. Tolling will not prejudice Defendant.*

The substantial hardship suffered by the putative plaintiffs must be balanced with the potential prejudice that tolling could impose on the defendant. "As an equitable matter, the inquiry should focus on fairness to both parties. As part of the determination of the possible prejudice to the defendant, the court should ask whether the defendant was aware of the potential scope

of liability when the complaint was filed." <u>Kellgren v. Petco Animal</u>

<u>Supplies, Inc.</u>, No. 13cv644, 2014 WL 2558688, at *4 (S.D. Cal.

June 6, 2014) (finding the potential opt-in plaintiffs would be

unfairly prejudiced by the court's delay in resolving the defendant's

motion to dismiss and tolling the time between the date the first

motion to dismiss became fully briefed until the defendant filed its

answer).

Tolling will not unfairly prejudice Defendant because

Defendant was able to know the potential scope of its liability when

the Amended Complaint was filed.  The Complaint defines the

putative plaintiffs as non-exempt assistant managers of Defendant

during the statutory period.  <u>See</u> Amend. Compl. ¶ 1.  It is

reasonable to assume that Defendant possesses the identity of

those persons and their work records (hours, pay, etc.).  Therefore,

it is reasonable to assume that Defendant was well-aware of its

potential liability at the filing of the Amended Complaint.  <u>See</u>

<u>Kellgren</u>, 2014 WL 2558688, at *5.

Given that the extraordinary circumstances of this case

prevented Plaintiff from seeking conditional certification of the

collective action and from seeking authorization to notify putative

plaintiffs of the action, the Court agrees with Plaintiff that the statute of limitations should be tolled for the period in which the injunction precluded Plaintiff from pursuing this action. During this finite period of time—from March 9, 2017 to December 14, 2017—an extraordinary circumstance existed: another court enjoined the proceedings in this court. Despite the injunction, Plaintiff was diligent to preserve the claims in this Court by seeking leave from the Northern District of Illinois to file the Motion to Toll the Statute of Limitations in this Court. In a very similarly situated case, the Colorado District Court in Beck v. Savory Sandwiches, Inc., tolled the statute of limitations due to the same extraordinary circumstances as exist in this case—injunction of the proceedings by the Northern District. 265 F. Supp. 3d at 1210. This Court concludes that the injunction prevented potential plaintiffs from joining the lawsuit because the stay prevented Plaintiff from seeking Court authority to send out notices. Putative plaintiffs were not made aware of this action and likely their claims because Plaintiff could not pursue this litigation. While putative plaintiffs may have been able to know about their claims without notification, it is unfair and unrealistic to assume that they could somehow have

become aware of this proceeding without notification.  Any failure on their part to timely file during the nine months during which the injunction was in place arose from circumstances beyond their control.  Therefore, those nine months should not be counted towards their deadline to file their claim(s) and to join the action.

**B.  This Opinion is Not Advisory.**

Defendant argues that an order tolling the statute of limitations would be advisory, arguing that tolling may have no effect because, since Plaintiff has not sought certification, it is possible that no plaintiff will opt-in or that the Court will not grant the certification.   See Davis, 2016 WL 7049069, at *2 (finding several reasons not to toll, including that "even if one or more classes is conditionally certified, whether anyone else will opt in remains to be seen").  The Court "is without power to give advisory opinions, because such opinions cannot affect the rights of the litigants in the case before it."  United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986).

Defendant cites to several cases in which a court has denied a motion to toll the statute of limitations because the court had not yet conditionally certified the collective action.  In United States v.

Cook, the Federal Circuit reversed the district court's tolling of the statute of limitations before the court had conditionally certified the collective action. The Federal Circuit reasoned that the district court's order was advisory because the putative plaintiffs were not party to the controversy and, therefore, the order could not affect the rights of the litigants in the case. Id.; see also Miller-Basinger, 2016 WL 773191, at *2 (finding it premature to toll the statute of limitations for potential plaintiffs before ruling on the motion for conditional certification).

It is axiomatic that the Court cannot issue advisory orders. However, Cook and the other cases Defendant relies on do not establish that tolling the statute of limitations before conditional certification is necessarily advisory. Numerous courts have tolled the statute of limitations for putative plaintiffs prior to conditional certification of a collective action. See, e.g., Stickle v. SCIWestern Market Support Center, L.P., No. CV 08-083, 2008 WL 4446539, at *22-23 (D. Ariz. Sept. 30, 2008) (tolling granted prior to filing of motion for conditional certification in the interest of justice to preserve putative plaintiff's claims against defendant from time of filing of motion to dismiss to filing of motion for conditional

certification); <u>Beck v. Savory Sandwiches, Inc.</u>, 265 F. Supp. 3d at 1211 (tolling prior to conditional certification due to Northern District injunction).

Further, a number of courts have tolled the statute of limitations after conditional certification but before any putative plaintiffs have opted-in or even been notified. <u>See</u>, <u>e.g.</u>, <u>Bergman</u>, 949 F. Supp. 2d at 861 (tolling statute of limitations for period during which motion for conditional certification was pending on the same day the court granted that motion); <u>Adams</u>, 2007 WL 1539325, at *2 (tolling statute of limitations during pendency of stay but noting "notwithstanding the stay, putative collective action members shall be permitted to file forms with the Court indicating their consent to join this action"). These courts did not find their orders to be advisory even though no putative plaintiffs had yet opted-in. <u>See e.g.</u>, <u>Trogdon v. Kleenco Maint. & Constr., Inc.</u>, No. 5:14-CV-05057, 2015 WL 11120400, at *2 (W.D. Ark. July 27, 2015) (tolling after conditional certification but before opt-in period began was not advisory because the collective action already had been conditionally certified).

In the Northern District, 660 plaintiffs have joined the litigation against the corporate defendant and twelve other actions have been brought across the country against franchisees like Defendant.   The Amended Complaint identifies the putative plaintiffs as assistant managers of Defendant, who owns six stores. See Amend. Compl. ¶¶ 1, 6.  Therefore, tolling in this case affects a not-insubstantial group, and the case law does not support a finding that uncertainty as to whether any putative plaintiffs will opt-in is fatal to tolling.

Further, a litigant can assert the rights of third parties such as a request to toll the statute of limitations as to the putative plaintiffs if three conditions are met: 1) the plaintiff has an injury in fact; 2) there was some hindrance to the third parties in asserting their own rights; and 3) the plaintiff shares a close relationship to the third parties.  Campbell v. Louisiana, 523 U.S. 392, 397 (1998) (criminal defendant could raise the constitutional rights of the jurors of his trial).

First, Plaintiff has sufficiently alleged that he has suffered injury of unpaid overtime wages.  Amend. Compl. ¶ 42.  Second, the extraordinary circumstances here hindered the putative plaintiffs in

asserting their own rights by preventing them from receiving notice of the action. Third, a close relationship could be established by the conditional certification of a collective action, as the plaintiff must show that the members are "similarly situated" employees. Here, however, conditional certification has been precluded and delayed by the injunction, subsequent appellate action, and the corresponding stay. The extraordinary circumstances of this case are the very reason that Plaintiff was precluded from seeking the Court's assessment of the parameters of the similarly situated employees.

Alternatively, Plaintiff and the putative plaintiffs may have a close relationship if they share common issues or interests. <u>See</u> <u>Ind. Democratic Party v. Rokita</u>, 458 F. Supp. 2d 775, 812 (S.D. Ind. 2006) (state and county Democratic parties could assert the voting rights of non-litigant voters who were hindered by state voting statute because parties and voters shared common interest of ensuring that supporters could vote for their preferred candidates).

The Complaint defines the putative plaintiffs as assistant managers of Defendant during the statutory period who were

misclassified and denied overtime wages.  Plaintiff, therefore, shares the common interest with putative plaintiffs of recovering overtime assistant manager wages from Defendant.  <u>See</u> Amend. Compl. ¶¶ 1, 47.

The issue of equitable tolling also can be an issue common among the plaintiff and the collective action members.  "Some equitable tolling issues may, at least in theory, be common to the similarly situated employees in a class.  FLSA affirmative defenses can, and sometimes do, present questions capable of class-wide determination."  <u>Davis</u>, 2016 WL 7049069, at *3 (citations excluded) (declining to toll statute of limitations because motion for conditional certification not yet filed so question of delay due to court's adjudication was uncertain but leaving open the possibility that when ripe, the plaintiff could seek equitable tolling on behalf of the collective action members).  In its Answer to the Amended Complaint, Defendant raises the statute of limitations as an affirmative defense, making this issue common to all members of the collective action.  <u>See</u> Answer to Amended Complaint at 6.

Here, Plaintiff seeks tolling only as to those with whom he shares a common interest—namely, the collection of unpaid

overtime wages as required by the FLSA from Defendant. Amend. Compl. ¶ C. Given that the establishment of the relationship between Plaintiff and putative plaintiffs was stymied by the unusual injunction and stay in this case, and the common issues that apply to Plaintiff and putative plaintiffs as to FLSA wages and this very tolling issue, it is equitable that the statute of limitations be tolled for putative plaintiffs for the nine months of the stay. A court that tolls the statute of limitations acts in equity. In equity, the Court must consider the circumstances of the case and the justice of the outcomes. Plaintiff must be able to assert the putative plaintiffs' rights as to the statute of limitations as justice requires.

### IV. CONCLUSION

Plaintiff's Motion for Equitable Tolling of the Statute of Limitations (d/e 12) is GRANTED. The statute of limitations is tolled from March 9, 2017 to December 14, 2017 on Plaintiff's claim with respect to all of Defendant's current and former employees who are eligible to opt-in to this litigation.

**ENTERED: June 28, 2018**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**

**UNITED STATES DISTRICT JUDGE**