E-FILED
Wednesday, 25 July, 2018 03:30:45 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SEBASTIAN LUCAS, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 16-cv-3328 |
| JJ'S OF MACOMB, INC., | ) ) ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

## I. BACKGROUND

Plaintiff Sebastian Lucas brings this action on behalf of himself and other similarly situated assistant managers of Jimmy John's franchises owned by Defendant, JJ's of Macomb, Inc. The Complaint alleges that Defendant failed to pay Plaintiff and the putative plaintiffs overtime wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.

On June 28, 2018, this Court tolled the statute of limitations for the period during which the Northern District of Illinois enjoined the proceedings in this Court—from March 9, 2017 to December 14,

2017 (d/e 32). Also on June 28, 2018, Plaintiff filed his Motion for Step-One Notice (d/e 30). Defendant's response to the motion was due on July 12, 2018. On that day, Defendant filed its Motion for Extension to File Response to Plaintiff's Motion for Step-One Notice (d/e 33). Defendant seeks a two-week extension to allow Defendant's newly-substituted counsel an opportunity to respond. See Defendant's Motion to Substitute Counsel, July 19, 2018 (d/e 35). On July 17, 2018, Plaintiff responded to Defendant's request for an extension. Plaintiff objects to the motion because Defendant refused to agree to toll the statute of limitations for the duration of the extension.

## II. ANALYSIS

In an FLSA action, equitable tolling of the statute of limitations is warranted if the litigant establishes (1) that he has pursued his rights diligently; and (2) that extraordinary circumstances exist. Knauf Insulation, Inc. v. Southern Brands, Inc., 820 F.3d 904, 908 (7th Cir. 2016). Plaintiff argues that equitable tolling is warranted because Defendant's substitution of counsel during its response time is an extraordinary circumstance. Plaintiff suggests that Defendant's intent in seeking the extension is to engage in delay

tactics and to accelerate the expiration of the putative plaintiffs' rights.

Plaintiff has presented no evidence to support a finding that Defendant is engaging in a litigation strategy to frustrate the putative plaintiff's efforts to pursue their claims. On the other hand, Defendant has offered a good reason for seeking the extension—the substitution of new counsel, who will surely have to get caught up on the proceedings. Defendant's July 19, 2018 Motion to Substitute Counsel supports the basis of Defendant's request.

Further, two weeks is a reasonable length of time to request. This type of extension is commonplace in litigation, and typical delay is not an extraordinary circumstance. Sylvester v. Wintrust Financial Corp., No. 12 C 01899, 2014 WL 10416989, at *2 (N.D. Ill. Sept. 26, 2014) (refusing to toll statute of limitations while motion for conditional certification was pending because "there is nothing extraordinary about a motion for conditional certification and the delay in notice while that motion is pending . . . . [t]o hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of

a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one.") (internal quotations omitted). Defendant's request for a two-week extension of time is reasonable. Equitable tolling during this time is not warranted.

### III. CONCLUSION

Defendant's Motion for Extension to File Response to Plaintiff's Motion for Step-One Notice (d/e 33) is GRANTED. Defendant shall file its response to Plaintiff's Motion for Step-One Notice on or before July 26, 2018. No tolling of the statute of limitations shall apply during this time. If Plaintiff wishes to file a reply following Defendant's response, he may do so on or before August 9, 2018.

**ENTERED: July 23, 2018**

**FOR THE COURT:**

    _s/ Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE